

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/21/2008

| | | |
|---|---|---|
| IN RE: | § | |
| ANTOINETTE G. KING | § | CASE NO: 07-33699 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

### MEMORANDUM OPINION
### REGARDING THE APPLICATION OF
### BANKRUPTCY CODE § 707(b)(2) "PRESUMPTION OF ABUSE"
### TO US TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
### (Doc. ## 34, 47)

In this contested matter (docket # 34) the United States Trustee (the "UST") asks the Court to dismiss this chapter 7 case filed by Antoinette King (the "Debtor") as an abuse. The parties have stipulated to certain facts for purposes of determining whether the "presumption of abuse" (defined by § 707(b)(2)) applies.[1] The Debtors and the United States Trustee have stipulated the facts and have agreed to present the issues through motion for summary judgment, by brief and without hearing before the Court. The parties have agreed that if the Court grants the US Trustee's Motion for Summary Judgment, the Court will dismiss the case without further proceedings.[2] For reasons set forth below, the US Trustee's motion is granted and the case is dismissed by separate order issued this date.

### I.   UNDISPUTED FACTS

The parties have stipulated to the following:

Antoinette G. King ("Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on June 4, 2007. The UST appointed Lowell T. Cage ("Cage") to serve as the chapter 7 trustee in this case and continues to serve in that capacity.

The meeting of creditors was held and concluded on August 20, 2007. On August 21, 2007, Cage filed a Report of No Distribution.

To date, the Debtor has not received a discharge.

In the voluntary petition, the Debtor disclosed that the non-filing spouse, Rawle J. King, filed a voluntary petition under chapter 13 of the Bankruptcy Code on February 1, 2005, in Case No. 05-31727-H3-13 ("2005 Case"). On April 17, 2007, Homecomings Financial, L.L.C. filed a certificate of default (2005 Case, Docket no. 42) by Mr. King in connection with the terms of the Agreed Order (2005 Case, Docket No. 40) conditioning the stay on the real property located at 719 Brushy Glen Drive, Houston, Texas ("Brushy Glen Property"). On motion of Mr. King, the

---

[1] All section references are to the Bankruptcy Code, 11 U.S.C., unless otherwise noted.
[2] Case management order docket # 44.

case was converted to chapter 7 on April 24, 2007. Mr. King filed amended schedules and statements (2005 Case, Docket Nos. 49-51) on May 23, 2007. The chapter 7 trustee filed a Report of No Distribution in the 2005 Case. Mr. King received a discharge (2005 Case, Docket No. 61) under 11 U.S.C. § 727 on August 6, 2007.

Among other assets, the Debtor disclosed an interest in: (a) the Brushy Glen Property valued at $170,000; (b) a retirement plan valued at $8,500; (c) a 2003 Dodge Ram valued at $9,000; and (d) a 2003 Dodge Durango valued at $6,000.

The Debtor disclosed the following secured claims:

| Creditor | Collateral | Amount of Claim | Unsecured |
|---|---|---|---|
| Homecomings Financial | Brushy Glen Property | $175,000 | $ 5,000 |
| Northbridge Park HOA | Brushy Glen Property | $    350 | $   350 |
| Chrysler Financial Corp. | 2003 Dodge Ram | $ 11,949 | $ 2,949 |
| Chrysler Financial Corp. | 2003 Dodge Durango | $  4,081 | $     0 |

In the schedules of liabilities, the Debtor disclosed $191,380 in secured debts, $31,995 in general unsecured debts, and no priority debts. The unsecured debts consist of credit card charges and medical bills.

The Debtor claimed an exemption for all property disclosed in the schedules of assets.

The Debtor is an individual whose debts are primarily consumer debts.

According to Schedule I (Docket No. 18), the Debtor is married and has one (1) dependent, an eighteen-year old granddaughter. The Debtor was born in 1954. On the petition date, the Debtor was employed as a bookkeeper by Sylvia's International School of Beauty. Her gross monthly pay on the petition date was $1,000 and her net monthly pay was $854. Mr. King, the non-filing spouse, is an auto body technician and has been employed by Helfman Dodge for 2.5 years. He was born in 1956. Schedule I reflects that (a) his gross monthly pay is $12,623; (b) his monthly payroll deductions include payroll taxes of $1,447, insurance of $792, a voluntary retirement plan contribution of $822, helper pay and supplies of $4,923, Christmas fund of $541, uniform of $21.43, and disability insurance of $60; and (c) his net monthly pay is $4,016.57. The Debtor did not describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of Schedule I. The Debtor's combined net monthly income is $4,870.57.

In Schedule J (Docket No. 18), the Debtor disclosed monthly expenditures of $6,414, including, *inter alia*, expenses associated with the Brushy Glen Property such as the home mortgage payment of $1,820, utilities of $510, home maintenance of $100, and homeowners' insurance of $83. The Debtor's monthly deficit in Schedule J is $1,543.43, excluding any further adjustments.

In the Statement of Financial Affairs (Docket No. 19), the Debtor disclosed gross annual earnings from employment or operation of business of $48,627.71 in 2007 YTD, $112,790.64 in 2006, and $119,299 in 2005. The Debtor did not disclose any unusual payments, suits, losses, transfers, or businesses.

The Debtor checked the box "the presumption does not arise" in Form 22A (Docket No. 20). She reported total current monthly income of $13,912.90, consisting of $1,290 for the Debtor and $12,622.90 for Mr. King. Form 22A, line 12. Annualized current monthly income is $166,954.80. *Id*. at line 13. The applicable state median income for a household of three is $51,678.

Accordingly, the Debtor's annualized current monthly income exceeds the applicable state median income for a household of three.

In Form 22A, the Debtor claimed a deduction of $1,820 for future payments on the secured claim held by Homecomings Financial, L.L.C., $83.33 for homeowner's insurance, and $27.08 for HOA fees. *Id.* at line 42. In addition, the Debtor claimed a deduction of $472.50 for past-due payments on the secured claim and $5.83 for past-due HOA fees. *Id.* at line 43.

In the Statement of Intention (Docket No. 23), the Debtor disclosed an intention to surrender the Brushy Glen Property. Pursuant to a Motion (Docket No. 29, filed on August 16, 2007) by Homecomings Financial, L.L.C., the Court signed an Agreed Order (Docket No. 31, signed and filed on September 11, 2007) granting relief from the automatic stay in connection with the Brushy Glen Property.

On the petition date, the Debtor was not current in her home mortgage obligations on the Brushy Glen Property. She and Mr. King, the non-filing spouse, last made a home mortgage payment in October, 2006. The mortgage arrearage was approximately $25,913. The Debtor last lived at the Brushy Glen Property in June, 2007.

The Debtor claimed a deduction of $250 for court-ordered payments. *Id.* at line 28. The Debtor did not disclose any monthly expenditures in Schedule J for court-ordered payments. The Debtor contends that the deduction relates to Mr. King, the non-filing spouse, who was subject to a Wage Order (2005 Case, Docket No. 22, entered on May 3, 2005) in the monthly amount of $250 until the 2005 Case was converted to chapter 7 on April 24, 2007.

The Debtor claimed a deduction of $200 for excess home energy costs. *Id.* at line 37. The Debtor claimed a deduction of $440 under the IRS Local Standard for utilities, which includes gas, electricity, water, fuel, oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, and telephone. *Id.* at line 20A. The Debtor claimed expenditures of $510 on Schedule J for utilities. The Debtor did not provide any documentation demonstrating that the deduction for excess home energy costs is reasonable and necessary.

The Debtor claimed a deduction of $52 for additional food and clothing expense. *Id.* at line 39. The Debtor claimed a deduction of $1,368 under the IRS National Standards for food, clothing, household supplies, personal care, and miscellaneous. *Id.* at line 19. The IRS National Standards include $754 for food and $278 for clothing. The Debtor did not provide any

documentation demonstrating that the additional deduction for food and clothing expense is reasonable and necessary.

The Debtor claimed a deduction of $51.42 for payments on priority claims. *Id.* at line 44. The Debtor did not disclose any priority claims. She contends that this deduction relates to attorneys' fees in a chapter 13 case.

## II.   JURISDICTION

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper under 28 U.S.C. § 1408.

The United States Trustee ("UST") has standing under 11 U.S.C. §§ 307, 704(b), and 707(b)(1).

## III.   STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's

pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

There is no dispute over the facts of this case.

## IV.   CONCLUSIONS OF LAW

A.   Surrendered Collateral

The UST contends that Debtor is not entitled to the deduction she claims for future payments on secured claims under § 707(b)(2)(A)(iii) because the Debtor has surrendered the collateral, the stay has been lifted, and the Debtor has not made any mortgage payments for 8 months prior to bankruptcy.  The Court has recently addressed the issues in the UST's brief at length in its opinion *In re Leary*, Case No. 07-31370, Doc. #34 (April 16, 2008).  In that decision, the Court holds that debtors may not deduct the payments on debt secured by property that is surrendered under the circumstances presented in this case.  The Court adopts the explanation set out in the *Leary* opinion.

B.   Actual Monthly Expenses

1.   Wage order terminated prior to filing of petition

The Debtor claimed a deduction of $250 for court-ordered payments.  The Debtor did not disclose any monthly expenditures in Schedule J for court-ordered payments.  The Debtor contends that the deduction relates to Mr. King, the non-filing spouse, who was subject to a wage order in the monthly amount of $250 until the 2005 Case was converted to chapter 7 on April 24, 2007.

Section 707(b)(2)(A)(ii)(I) provides:

> (ii)(I) The debtor's monthly expenses shall be… the *debtor's actual monthly expenses* for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, <u>as in effect on the date of the order for relief, for the debtor</u>, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent.

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added).

The text of § 707(b)(2)(A)(ii)(I) does not permit a debtor to deduct payments made by Mr. King, the non-filing spouse, pursuant to a wage order in the 2005 Case that had expired prior to the petition date in this case.  Because the wage order was not "in effect on the date of the order for relief," the deduction is improper.

  2.  Excess home energy costs

The Debtor claimed a deduction of $200 for excess home energy costs. The Debtor claimed a deduction of $440 under the IRS Local Standard for utilities, which includes gas, electricity, water, fuel, oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, and telephone. The Debtor claimed expenditures of $510 on Schedule J for utilities. The Debtor did not provide any documentation demonstrating that the deduction for excess home energy costs is reasonable and necessary.

  Section 707(b)(2)(A)(ii)(V) provides:

> (ii)(V) In addition, the debtor's monthly expenses may include an allowance for housing and utilities, in excess of the allowance specified by the Local Standards for housing and utilities issued by the Internal Revenue Service, based on the actual expenses for home energy costs <u>if the debtor provides documentation of such actual expenses and demonstrates that such actual expenses are reasonable and necessary</u>.

11 U.S.C. § 707(b)(2)(A)(ii)(V) (emphasis added).

The Debtor is not entitled to the deduction for excess home energy costs because she did not provide any documentation demonstrating that the deduction for excess home energy costs is reasonable and necessary.

  3.  Additional Food and Clothing

The Debtor claimed a deduction of $1,368 under the IRS National Standards for food, clothing, household supplies, personal care, and miscellaneous. The IRS National Standards include $754 for food and $278 for clothing. The Debtor claimed a deduction of $52 for *additional* food and clothing expense. The Debtor did not provide any documentation demonstrating that the additional deduction for food and clothing expense is reasonable and necessary.

  Section 707(b)(2)(A)(ii)(I) provides:

> (ii)(I) In addition, <u>if it is demonstrated that it is reasonable and necessary</u>, the debtor's monthly expenses may also include an additional allowance for food and clothing of up to 5 percent of the food and clothing categories as specified by the National Standards issued by the Internal Revenue Service.

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added).

The Debtor is not entitled to the deduction for additional food and clothing expenses because she did not provide any documentation demonstrating that the deduction is reasonable and necessary.

C. Priority Claim Payments

The Debtor claimed a deduction of $51.42 for payments on priority claims. The Debtor did not disclose any priority claims. She contends that this deduction relates to attorneys' fees in a chapter 13 case.

Section 707(b)(2)(A)(iv) provides:

> (iv) The debtor's expenses for payment of all priority claims (including priority child support and alimony claims) shall be calculated as the total amount of debts entitled to priority, divided by 60.

11 U.S.C. § 707(b)(2)(A)(iv).

The Debtor is not entitled to the deduction for payment of priority claims because she did not disclose any priority claims.

## V. ADJUSTMENTS TO THE MEANS TEST

The above adjustments incorporated into the means test would result in the following:

**Table 1: Line Adjustments required to Form 22A Deductions**

| Form 22A Line Items | Correct Amount | Adjustment to Form 22A Deductions |
|---|---|---|
| Line 20B: Local Standards: Housing and Utilities | $880 | $880.00 |
| Line 28: Court ordered payments | $ 0 | ($ 250.00) |
| Line 37: Home Energy costs | $ 70 | ($ 130.00) |
| Line 39: Additional Food/Clothing | $ 0 | ($ 52.00) |
| Line 42: Future Secured Claims | $267.17 | ($1,930.41) |
| Line 43: Other Secured Claims | $ 0 | ($ 472.50) |
| Line 44: Priority Claims | $ 0 | ($ 51.42) |
| **TOTAL** | | **($2,006.33)** |

**Table 2: Presumption of abuse under the Adjusted Form 22A**

| Form 22A Line Items | Debtor's Amount | Corrected Amount |
|---|---|---|
| Line 48: Current Monthly Income | $ 13,912.90 | $ 13,912.90 |
| Line 49: Total Deductions | $ 14,044.98 | $ 12,038.65[3] |
| Line 50: Monthly Disposable Income | $ (132.08) | $ 1,874.25 |
| Line 51: 60-month Disposable Income | $ (7,924.80) | $ 112,455.00 |
| **Presumption Determination** | | More than $10,000 "Presumption arises" |

---

[3] Debtor's Total Deductions + Total Adjustment to Form 22A Deductions = Corrected Amount; $14,044.98 + -$2,006.33 = $12,038.65.

## VI.  CONCLUSION

       The presumption of abuse arises under the means tests.  The UST's motion for summary judgment is granted and the case is dismissed by separate order issued this date.

SIGNED 04/18/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge